# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Carl Muncy<br>1288 Hamilton Rd.<br>Crown City, Ohio 45623<br><br>And<br><br>Dorothy Muncy<br>1288 Hamilton Rd.<br>Crown City, Ohio 45623<br><br>   Plaintiff(s),<br><br>v.<br><br>CrossCountry Mortgage, Inc.<br>405 Rothrock Road, Ste 103<br>Akron, Ohio 44321-3125<br><br>   Defendant. | Case Number: 2:17-cv-426<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

The following allegations are based upon Plaintiffs Carl and Dorothy Muncys' ("the Muncys") personal knowledge, the investigation of counsel, and information and belief. Plaintiffs, through counsel, allege as follows:

**I. INTRODUCTION**

1. Plaintiffs, the Muncys, refinanced their mortgage loan in July 2015 with CrossCountry Mortgage, Inc ("CrossCountry").

2. When the Muncys refinanced their mortgage loan, they did not receive the federally-mandated number of their notice of right to cancel.

3. Almost immediately, the lender sold the Muncys' mortgage loan to The Money Source.

4. As instructed in the Notice of Right to Cancel, the Muncys' notified CrossCountry that they were rescinding their loan and requested the return of the monies they had paid toward the mortgage loan.

5. Rather than honor the Muncys' rescission, CrossCountry informed them that the loan was sold to "The Money Source" and "that the … security instrument remain in full force and effect."

6. Accordingly, the Muncys bring this action against CrossCountry for actual damages, statutory damages, attorney fees, and costs for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, et seq.,

## II. JURISDICTION

7. This Court has jurisdiction over the First Count pursuant to TILA, 15 U.S.C. 1640(e).

8. This Court has personal jurisdiction over Defendant because the Defendant transacts business within this District, the mortgage loan was incurred within this District, and the subject property is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

9. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as the Defendant is subject to personal jurisdiction in this District.

## III. PARTIES

10. The Muncys are natural persons currently residing at 1288 Hamilton Rd. Crown City, Ohio 45623.

11. CrossCountry is a corporation incorporated in the State of Ohio.

12. CrossCountry regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus was and is a **creditor** within the meaning of TILA, 15 U.S.C. 1602(g).

## IV. FACTUAL ALLEGATIONS

13. The Muncys incorporate all other paragraphs in this Complaint by reference as though fully written here.

14. Each action or inaction alleged herein against CrossCountry is also an allegation of action or inaction by CrossCountry's agents, predecessors, successors, employees, contractors, assignees, trustees, and servicers, as appropriate.

15. On or about July 13, 2015, the Muncys refinanced the mortgage loan secured by their primary residence, located at 1288 Hamilton Rd., Crown City, Ohio 45623, situated in Gallia County, with CrossCountry.

16. Carl Muncy signed a promissory note and mortgage in connection with his refinance.

17. Dorothy Muncy signed a mortgage in connection with the refinance.

18. The Muncys' refinance transaction was a mortgage loan that is secured by a lien on residential real property.

19. The residence on the subject property is designed principally for occupancy by a single family.

20. The 2015 refinance transaction was and is subject to a finance charge or is payable by a written agreement in more than four installment payments.  15 U.S.C. 1602(g).

21. The credit extended as part of the 2015 refinance transaction was and is for personal, family, or household purposes.  15 U.S.C. 1602(i).

22. The 2015 refinance transaction was secured by real estate, where the Muncys resided, and is a dwelling.

23. The Muncys' mortgage loan was **consumer credit transaction** within the meaning of TILA, 15 U.S.C. 1602 and Regulation Z, 12 C.F.R. 1026.2(a)(12).

24. The violations of TILA alleged herein are apparent on the face of the documents.

25. CrossCountry did not provide the Muncys each two copies of the Notice of Right to Cancel.

26. CrossCountry did not provide Dorothy Muncy, who also signed the mortgage, two copies of the Notice of Right to Cancel.

27. On or about April 6, 2017, the Muncys sent written notice to CrossCountry that they rescinded the mortgage loan.  Ex. A.

28. CrossCountry received the Muncys' April 6, 2017 letter and signed notice on or about April 10, 2017.

29. On or about April 14, 2017, CrossCountry responded in writing to the Muncys. Ex. B.

30. Within 20 days of receipt of the written notice of the Muncys' rescission, CrossCountry did not return any of the money or property given in connection with the mortgage loan.

*

31. The Muncys incurred $164 in legal fees and $6.78 in postage in preparing and mailing the letter to CrossCountry.

32. Within 20 days of receipt of the written notice of the Muncys' rescission, CrossCountry took no steps to reflect the cancellation of the mortgage.

33. Accordingly, the Muncys bring this action against CrossCountry.

**VII. COUNT ONE – VIOLATION OF TILA (Rescission)**

34. The Muncys incorporate all other paragraphs in this Complaint by reference as though fully written here.

35. For the reasons stated herein, CrossCountry violated TILA and are liable to the Muncys for damages and are subject to injunctive relief to effectuate the Muncys' rescission.

36. The Muncys' refinance transaction was subject to a right of rescission. 15 U.S.C. 1635 and Regulation Z, 12 C.F.R. 1026.23.

37. CrossCountry failed to deliver all material disclosures required by TILA and Regulation Z by failing to provide Carl Muncy and his wife two copies each (four total) of their Notice of Right to Cancel on July 13, 2015.

38. CrossCountry only delivered two copies total of the Notice of Right to Cancel to the Muncys and each Notice erroneously contained both of their names.

39. The Muncys have a continuing right to rescind the 2015 refinance transaction until the third business day after receiving all material disclosures or up to three years after consummation of the transaction, pursuant to 15 U.S.C. 1635(a) and 12 C.F.R. Part 1026.23.

40. By failing to provide the Muncys with these material disclosures, their rescission right ends on or about July 13, 2018.

41. The Muncys rescinded the transaction, through counsel, by timely mailing notice of their rescission to CrossCountry.  Exhibits A and B.

42. CrossCountry did not honor the Muncys' rescission.

43. Thus, CrossCountry is liable to the Muncys for any money or property the Muncys gave to anyone, including CrossCountry, in connection with their refinance transaction, pursuant to 15 U.S.C. 1635(b); the Muncys' maximum actual damages of at least $5,000; statutory

damages of at least $4,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1640(a).

44. The Muncys are also entitled to an order from the Court cancelling the mortgage lien attendant to the Muncys' refinance transaction that encumbers the subject property, and ordering CrossCountry to return the original note – notated as "cancelled" or "rescinded" – to the Muncys.

## XIV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

45. Assume jurisdiction of this case;

46. Award Plaintiffs maximum actual, economic, emotional, and non-economic damages to be established at trial;

47. Award Plaintiffs maximum actual damages to be established at trial, including pursuant to 15 U.S.C. 1640(a);

48. Award Plaintiffs statutory damages in the amount of at least $4,000, plus attorney's fees, and costs of the action, including pursuant to 15 U.S.C. 1640(a);

49. Declare the rights, status, and legal relationship of the parties and extinguish any and all rights that Defendant claims it possesses under the mortgage loan and that Defendant may not seek to enforce the mortgage loan or take any action to collect any amount purportedly due thereunder;

50. Award Plaintiffs additional damages and costs; and

51. Award such other relief as the Court deems appropriate.

Dated: May 17, 2017                                   Respectfully Submitted,
                                                     Doucet & Associates Co., L.P.A.




                                                     /s/ Timothy J. Cook
                                                     Timothy J. Cook (0093538)
                                                     *Attorney for Plaintiffs Carl & Dorothy Muncy*
                                                     700 Stonehenge Parkway, Suite 2B
                                                     Dublin, OH  43017
                                                     (614) 944-5219 PH
                                                     (818) 638-5548 FAX
                                                     Timothy@Doucet.Law


**JURY TRIAL DEMANDED**

Plaintiffs respectfully requests a jury trial on all triable issues.



                                                     /s/ Timothy J. Cook
                                                     Timothy J. Cook (0093538)